UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MORRIS BART, L.L.C. <br><br> Plaintiff, <br><br> v. <br><br> MCCLENNY MOSELEY & ASSOCIATES, PLLC, <br><br> Defendant. | Case No. 23-cv-1453 <br><br> District Judge Lance M. Africk <br><br> Magistrate Judge Michael B. North |

PRE-CONFERENCE MEMORANDUM

Plaintiff in the captioned case, Morris Bart, L.L.C., respectfully submits the following Pre-Conference Memorandum in advance of the general Hurricane Ida Litigation status conference set for Wednesday, June 14, 2023.

Morris Bart has now retained more than 1200 former clients of McClenny, Moseley & Associates, PLLC ("MMA"), some of whom have cases pending in this Court that were filed by MMA, and others on whose behalf suit has not yet been filed, and in this capacity plans to attend the conference on June 14. Based on its experience in working on behalf of these clients in recent months, Morris Bart believes the following issues are salient to the June 14 conference.

I. **Insurers' correspondence with Morris Bart regarding former MMA clients.**

Morris Bart very much appreciates the Court's plan to address "whether and how insurers may communicate directly with their insureds in cases in which MMA sent the insurer a Letter of Representation." As counsel for many insureds on whose behalf MMA sent to insurers Letters of Representation, Morris Bart proposes that an additional, closely related issue that would be productive to discuss is whether and how insurers communicate with newly engaged counsel for

these insureds.  Based on its experience to date, Morris Bart believes that it would be productive to ensure open lines of communication between insurers and new counsel for former MMA clients, particularly with respect to the goal of avoiding litigation, where possible, as the Hurricane Ida prescription deadline approaches.

### II.     Handling cases with jurisdictional problems.

It has come to Morris Bart's attention as it gets up to speed on cases filed by MMA that in some cases, federal diversity jurisdiction is lacking. In many cases, this can be resolved by a joint stipulation by the parties to dismiss the suit without prejudice and re-file in state court. But in some cases, this jurisdictional problem exists because MMA sued a now-insolvent insurer, such that the Louisiana Insurance Guaranty Association ("LIGA") must be substituted as the proper defendant, which would then destroy diversity.  In those suits, because the defendant is insolvent, proceedings against that defendant are stayed, and it may not be possible to obtain consent for a joint dismissal without prejudice. If that defendant has answered, Morris Bart's clients cannot unilaterally notice dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i).  Morris Bart thus believes it would also be productive to discuss a mechanism for streamlining dismissals without prejudice and with leave of court in these cases pursuant to Rule 41(a)(2).

### III.    Streamlining substitutions in former MMA cases.

Pursuant to Local Rule 83.2.11, motions to withdraw counsel and substitute new counsel must be made jointly by current counsel and new counsel of record or served upon the client.  In light of the reality that hundreds of substitutions in cases filed by MMA will be necessary in the coming months, Morris Bart proposes that, if the Court deems it appropriate, it may be efficient to enter a general order waiving this requirement in cases filed by MMA, such that new counsel need only represent that a plaintiff has retained them to replace MMA in the relevant suit in order to

substitute as counsel.[1]  That general order could also include a provision that the stay entered via the March 2, 2023 general Order Staying Cases Filed by McClenny, Moseley & Associates shall be lifted in connection with the granting of a motion to substitute counsel in any case listed on Attachment B to that Order.[2]

  **IV. Addressing MMA's failure to serve complaints.**

Morris Bart has encountered a number of cases in which it appears that a suit filed by MMA was not timely served under Rule 4 of the Federal Rules of Civil Procedure. Because this issue exists in many cases, excessive motion practice will ensue if Morris Bart's clients are each required to move for an obtain an extension of time to serve their complaints, and, if the issue is not resolved in the near future, the result may be that these clients each must re-file their suits in order to avoid prescription. Morris Bart thus believes that this may be another area in which the Court might deem it appropriate to issue a general order regarding those unserved complaints so that these suits can proceed in the most efficient manner.

  **V. Superiority of attorneys' fee lien to mortgage-loss payee rights.**

In the aftermath of Hurricane Katrina, the question whether the attorneys' fee privilege that arises pursuant to Louisiana Revised Statutes § 37:218(A) is superior to a mortgage company's contractual right as a loss payee was addressed by both the Louisiana Fourth Circuit Court of Appeal and the United States Court of Appeals for the Fifth Circuit. Both courts answered in the affirmative, holding that a lawyer or law firm's privilege for their contingency fee is superior to a mortgage company's right as an additional loss payee under an insurance policy, so the mortgage

---

[1] Morris Bart recognizes that this is often already the practice in many divisions of this Court, such that a general order would merely formalize what is already taking place in many suits filed by MMA.
[2] A proposed General Order addressing this issue and the service of complaints issue addressed in Section IV is attached hereto as Exhibit A.

company could not refuse to endorse a settlement check from the insurer issued to the homeowner, their law firm, and the mortgage company. *See Richards v. La Citizens Prop. Ins. Corp.*, 623 F.3d 241, 246 (5th Cir. 2010); *Irons v. U.S. Bank. Inc.*, 2007-570 (La. App. 4 Cir. 8/14/07), 966 So. 2d 646, 650. In other words, while a mortgage company may have the right to hold settlement funds as security until their homeowner-mortgagor makes necessary repairs, that right does not extend to the portion of the settlement funds over which an attorney has a privilege to recover a contingency fee.

Despite this established precedent from both state and federal courts in Louisiana, it is Morris Bart's experience that some mortgage companies, particularly when MMA was involved in a homeowner's insurance claim, continue to refuse to endorse settlement checks issued jointly by an insurer to a law firm, a homeowner, and the mortgage company. Morris Bart therefore proposes that it would be productive, while discussing insurance-centric issues, to discuss whether insurance companies might, as a general rule, issue separate checks to homeowners and their attorneys for the attorneys' fee portion of a settlement to avoid unnecessary litigation between attorneys and mortgage companies.

Dated:  June 12, 2023

                                            Respectfully submitted,

                                            **FISHMAN HAYGOOD, LLP**

                                            /s/  *Kerry J. Miller*
                                            Kerry J. Miller (La. Bar No. 24562), T.A.
                                            Rebekka C. Veith (La. Bar No. 36062)
                                            Carly E. Jonakin (La. Bar No. 40412)
                                            Fishman Haygood, LLP
                                            201 St. Charles Avenue, 46th Floor
                                            New Orleans, Louisiana 70170-4600
                                            Telephone: (504) 586-5252
                                            Facsimile: (504) 586-5250
                                            *Counsel for Morris Bart, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading was filed via CM/ECF on June 12, 2023, which sent electronic notice to all counsel of record.

s/ *Kerry J. Miller*