## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MORRIS BART, L.L.C.**                                    **CIVIL ACTION**

**VERSUS**                                                          **No. 23-1453**

**MCCLENNY MOSELEY &**                                **SECTION I**
**ASSOCIATES, PLLC**

### ORDER & REASONS

Before the Court is a motion[1] to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), filed by defendant McClenny, Moseley & Associates, PLLC ("MMA"). MMA argues that this case should be dismissed because the declaratory remedy sought is non-justiciable, because this Court lacks subject matter jurisdiction, and because plaintiff Morris Bart, L.L.C. ("Morris Bart") has failed to state plausible claims for unauthorized practice of law and intentional interference with business relations. Morris Bart filed an opposition[2] to the motion, and MMA filed a reply.[3] For the reasons below, the Court **GRANTS** the motion.

### I.      BACKGROUND

This matter arises from the fallout of "an unprecedented tableau of misconduct" by MMA, "assisted in its misdeeds by an Alabama-based roofing contractor, and an Arizona-based modern-day case runner."[4] Morris Bart alleges in its complaint that MMA engaged in "massive advertising and solicitation campaigns"

---

[1] R. Doc. No. 16.
[2] R. Doc. No. 17.
[3] R. Doc. No. 22.
[4] *Franatovich v. Allied Trust Ins. Co.*, E.D. La. Case No. 22-2552, R. Doc. No. 76, at 1.

seeking out potential clients with claims arising from damage sustained during Hurricanes Laura, Delta, Zeta, and Ida.[5] According to Morris Bart,

> For some clients, MMA used an Alabama-based roofing company, Apex Roofing and Restoration, LLC, as a 'runner' to sign up clients while purporting to offer roof repair services in exchange for signing a document granting Apex permission to communicate with the insurer, which actually purported to be an assignment of the client's rights under their insurance policy. For others, MMA paid a marketing firm doing business as 'Velawcity' also to act as a 'runner,' by advertising and communicating with potential hurricane clients.[6]

Morris Bart alleges that, following these campaigns, MMA filed lawsuits on behalf of property owners, often without their knowledge.[7]

On March 3, 2023, MMA's lead Louisiana attorney, William Huye, was temporarily suspended from practicing law in Louisiana.[8] On March 4, 2023, MMA and its attorneys were suspended from practice in the Western District of Louisiana for ninety days.[9] This Court and the U.S. District Court for the Middle District of Louisiana then stayed all cases filed by MMA pending further orders.[10] Morris Bart alleges that "MMA's suspensions resulted in hundreds of Louisiana property owners having no legal representation to pursue their hurricane claims in pending lawsuits"

---

[5] R. Doc. No. 1, ¶¶ 9–10.

[6] *Id.* ¶ 10.

[7] *Id.* ¶¶ 22, 36.

[8] *Id.* ¶ 49.

[9] *Id.* The U.S. District Court for the Western District of Louisiana subsequently extended those suspensions on June 8, 2023 pursuant to a unanimous vote of the Article III judges of that Court. W.D. La. Case No. 23-62, R. Doc. No. 2.

[10] R. Doc. No. 1, ¶ 49.

and "potentially thousands of Louisiana property owners with hurricane claims on whose behalf MMA has not yet filed suit[.]"[11]

On May 1, 2023, Morris Bart filed the instant lawsuit, alleging four causes of action. First, Morris Bart alleges that MMA "intentionally interfered with Morris Bart's business relations" with former MMA clients now represented by Morris Bart and it "seeks injunctive relief" to remedy this violation.[12] Second, Morris Bart alleges that MMA's conduct with respect to its former clients violated Louisiana Revised Statutes § 37:213 "because MMA's contacting clients to provide advice related to their claims and continued attempts to negotiate settlements on behalf of these clients constitute the practice of law, but MMA employs no attorney licensed to practice law in Louisiana."[13] "Morris Bart seeks an injunction prohibiting MMA from continuing to engage in the unauthorized practice of law."[14] Third, Morris Bart "seeks a declaration that any 'Attorney Employment Contracts' between MMA and clients who are now engaged by Morris Bart are absolutely null" based on MMA's unauthorized practice of law.[15] Fourth, Morris Bart "seeks a declaration that MMA is not entitled to assert a claim for attorneys' fees in any suit in which Morris Bart now represents a former MMA client due to MMA's violations of the Louisiana Rules of Professional Conduct."[16]

---

[11] *Id.* ¶ 51.
[12] *Id.* ¶¶ 61, 64–65.
[13] *Id.* ¶¶ 68–69.
[14] *Id.*
[15] *Id.* ¶ 72.
[16] *Id.* ¶ 91.

Morris Bart also moved for a temporary restraining order ("TRO") "prohibiting MMA from communicating with clients represented by Morris Bart[,]" "mandating that MMA immediately furnish its original files and work product," "mandating that MMA notify the insurers of clients now represented by Morris Bart to whom Morris Bart has sent letters of representation that MMA no longer represents these clients[,]" and "prohibiting MMA from continuing to engage in the unauthorized practice of law."[17]

Following a status conference with the undersigned and U.S. Magistrate Judge Michael North,[18] the parties provided this Court with a proposed consent order requiring MMA to provide original files and work product to Morris Bart, cease all communications with all former MMA clients either directly or through an agent, and make best efforts to communicate with all present and former agents of MMA to advise them of this order.[19] The Court adopted the proposed order as its own and denied Morris Bart's request for a TRO as moot.[20]

MMA now moves to dismiss Morris Bart's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). MMA argues that Morris Bart lacks standing to seek the two aforementioned declaratory judgments because Morris Bart has not shown an "injury-in-fact."[21] MMA also claims that Morris Bart's request for

---

[17] R. Doc. No. 3, at 1–2.
[18] R. Doc. No. 11.
[19] R. Doc. No. 12-1.
[20] R. Doc. No. 13.
[21] R. Doc. No. 16-1, at 10–15.

the declaratory judgments is not ripe,[22] and that this Court lacks jurisdiction over the requested declaratory judgments because Morris Bart cannot show that the amount-in-controversy requirement for diversity jurisdiction is met without violating the non-aggregation principle.[23] In the alternative, MMA argues that, even if this Court finds it has jurisdiction over the Declaratory Judgment Act claims, it should decline to exercise that jurisdiction for several reasons.[24] Finally, MMA argues that Morris Bart failed to state plausible claims for unauthorized practice of law and intentional interference with business relations.[25]

## II.   STANDARD OF LAW

### a. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). Pursuant to Federal Rule of Civil Procedure 12(b)(1), "a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *Id.* (quotation omitted). Courts are to consider a Rule 12(b)(1) jurisdictional argument before addressing any other arguments on the merits. *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

---

[22] *Id.* at 15–16.
[23] *Id.* at 16–18.
[24] *Id.* at 18–19.
[25] *Id.* at 20–25.

When ruling on a Rule 12(b)(1) motion, a court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010) (quoting *St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming*, 281 F.3d at 161. If a court determines that it does not have subject matter jurisdiction over an action, the action is dismissed without prejudice. *See, e.g.*, *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

### b.  Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of *each element* of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (emphasis added) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). It "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

## III.   ANALYSIS

### a.  Morris Bart's Substantive Claims

#### i.        *Rule 12(b)(1)*

The Court first decides whether it has subject matter jurisdiction over Morris Bart's substantive claims. Federal district courts have diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000" and "is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The party seeking to invoke the Court's subject matter jurisdiction bears the burden of proving that the amount in

controversy exceeds $75,000. "Typically, a plaintiff's assertion as to the amount in controversy is sufficient to invoke diversity jurisdiction." *Thomas v. Family Sec. Ins. Co.*, No. 22-5025, 2022 WL 17978833, at *2 (W.D. La. Dec. 28, 2022) (citation omitted).

It is not entirely clear whether MMA believes the Court lacks diversity jurisdiction over Morris Bart's substantive claims for injunctive relief.[26] Regardless, the Court will evaluate its own diversity jurisdiction, as it must. In the context of Morris Bart's declaratory judgment requests, MMA suggests that this Court lacks diversity jurisdiction over Morris Bart's claims because MMA would need to prove that each of Morris Bart's *clients* is diverse to MMA and that MMA seeks to recover for work performed as to each one.[27] However, as this is an action between Morris Bart and MMA only, Morris Bart need only show that Morris Bart and MMA are citizens of different states to establish the Court's diversity jurisdiction over the substantive claims.[28] Morris Bart is a citizen of Louisiana for purposes of diversity

---

[26] For example, MMA states that its "jurisdictional challenge presently is directed to dismissing without prejudice Morris Bart's 'claims' for declaratory relief" and "urge[s]" the Court to "exercise[] its subject matter jurisdiction and dismiss[] the substantive claims." R. Doc. No. 16-1, at 8 n.3, 16. However, MMA also expresses skepticism about the Court's subject matter jurisdiction over those claims. *See, e.g., id.* at 1 ("Even assuming that the Court has diversity jurisdiction over the two substantive claims . . ."), 17 n.9 ("[I]f Morris Bart submits and the Court accepts that the amount-in-controversy requirement is met as to the two substantive claims . . .").
[27] R. Doc. No. 16-1, at 17.
[28] *See* R. Doc. No. 10, at 4 (MMA's memorandum in opposition to Morris Bart's motion for a TRO and preliminary injunction) ("It is undisputed that the complete diversity-of-citizenship requirement is met between the Louisiana law firm plaintiff and the Texas law firm defendant.").

jurisdiction.[29] MMA is a citizen of Texas for diversity jurisdiction.[30] Accordingly, there is complete diversity of citizenship in this action.

MMA also argues that Morris Bart cannot "show that the amount-in-controversy requirement for jurisdiction is met . . . without violating the non-aggregation principle."[31] As the Supreme Court has recognized, "the separate and distinct claims of *two or more plaintiffs* cannot be aggregated in order to satisfy the jurisdictional amount requirement" except "in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." *Snyder v. Harris*, 394 U.S. 322, 335 (1969) (emphasis added), *superseded by statute on other grounds*. As Morris Bart points out, the non-aggregation principle is not implicated since this case involves one plaintiff—Morris Bart—asserting that "a unitary controversy exists as related to multiple contracts with one defendant."[32] "Aggregation has been permitted . . . in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant." *Snyder*, 394 U.S. at 335. Morris Bart's assertion that its claims exceed the amount-in-controversy

---

[29] R. Doc. No. 1, ¶ 3. Morris Bart is a limited liability company whose citizenship is determined by the citizenship of its members. *See, e.g.*, *Media MidCap Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (explaining that the citizenship of an LLC is determined by the citizenship of its members). Morris Bart's sole managing member is a citizen of Louisiana.

[30] *Id.* ¶ 4. MMA is a professional limited liability company whose citizenship is determined by the citizenship of its members. *See, e.g.*, *Media Midcap*, 929 F.3d at 314. Both members of MMA are citizens of Texas.

[31] R. Doc. No. 16-1, at 17. Although the Court understands this argument to be directed at Morris Bart's claims for declaratory relief, it nonetheless assesses it as to Morris Bart's substantive claims.

[32] R. Doc. No. 17, at 13.

requirement is sufficient. *See Thomas*, 2022 WL 17978833, at *2. The Court therefore finds that it has subject matter jurisdiction over Morris Bart's two substantive claims.

### ii.    Rule 12(b)(6)

Having established its subject matter jurisdiction over these two substantive claims, the Court next considers MMA's arguments that these claims should be dismissed pursuant to Rule 12(b)(6).

### A.  Unauthorized Practice of Law

With respect to Morris Bart's unauthorized practice of law claim, MMA argues that it "fails as a matter of law because La. R.S. § 37:213.1(B)(2) expressly precludes 'law firms' from seeking injunctive relief or damages for another actor's alleged unauthorized practice of law."[33] Specifically, the statute states that "[a]n aggrieved party . . . may file a petition to enjoin an actor from engaging in the unauthorized practice of law" and specifies that "[t]he term 'aggrieved party' shall not include an attorney or a law firm." La. Rev. Stat. Ann §§ 37:213.1(C), (B)(2). In its response, "Morris Bart concedes that it lacks standing to assert an independent claim for the unauthorized practice of law against MMA."[34] Accordingly, the Court finds that Morris Bart has failed to state a claim for the unauthorized practice of law.

### B.  Intentional Interference with Business Relations

MMA also argues that Morris Bart has failed to state a claim for tortious interference with business relations.[35] Again, "the face of the complaint must contain

---

[33] R. Doc. No. 16-1, at 20.
[34] R. Doc. No. 17, at 21 n.23.
[35] R. Doc. No. 16-1, at 22–25.

enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the [] claim." *Hi-Tech Elec., Inc.*, 2017 WL 615414, at *2 (citation omitted). In Louisiana, the elements of tortious intentional interference with business relations are: (1) the defendant acted with actual malice; (2) the defendant actually prevented the plaintiff from dealing with a third party; (3) the defendant acted improperly, i.e., not to protect legitimate interests; and (4) the defendant caused damage to the plaintiff. *IberiaBank v. Broussard*, 907 F.3d 826, 840–41 (5th Cir. 2018). Louisiana courts view this cause of action "with disfavor." *Id.* (citing *JCD Mktg. Co. v. Bass Hotels & Resorts, Inc.*, 812 So.2d 834, 841 (La. App. 4 Cir. 2002)).

The Court finds the second element is the simplest to analyze in this case. As to the second element, MMA argues that there are no "allegations of fact indicating that MMA actually diverted clients from Morris Bart."[36] In response, Morris Bart claims that "this Court has *already found* that MMA is intentionally interfering with Morris Bart's business relations by virtue of its order directing MMA to cease doing so."[37] As MMA points out in its reply,[38] this Court has not found that MMA is intentionally interfering with Morris Bart's business relations. Rather, following a status conference[39] and the submission of a proposed consent order[40] by both parties, the Court entered the proposed consent order requiring MMA and its agents to cease

---

[36] R. Doc. No. 16-1, at 22.

[37] R. Doc. No. 17, at 21–22 (emphasis in original).

[38] R. Doc. No. 22, at 4.

[39] R. Doc. No. 11 (minute entry for status conference).

[40] R. Doc. No. 12.

all communications with former MMA clients and denied Morris Bart's motion for a TRO and preliminary injunction as moot.[41]

Also with respect to the second element, Morris Bart responds that the complaint sufficiently alleges: "MMA has . . . attempted to divert clients from seeking representation by Morris Bart."[42] However, attempting to interfere with business relations is not the same as *actually* interfering with them, and, pursuant to Louisiana law, Morris Bart must allege that MMA "actually prevented [Morris Bart] from dealing with a third party." *IberiaBank*, 907 F.3d at 841. As the plaintiff must allege facts sufficient to support each of the four elements of the tort, Morris Bart's failure to allege facts sufficient to support the second element is on its own fatal to its claim.

The Court notes that Morris Bart also has not alleged facts sufficient to support the first element. As to the first element, MMA contends that Morris Bart's complaint lacks "factual allegations, that, if proved, would indicate malice or ill will on the part of MMA."[43] "Actual malice 'requires proof of spite or ill will, which is difficult (if not impossible) to prove in most commercial cases in which conduct is driven by the profit motive, not by bad feelings." *D.H. Griffin Wrecking Co., Inc. v. 1031 Canal Dev.*, LLC, No. 20-1051, 2021 WL 917335, at *3 (E.D. La. Mar. 10, 2021) (Fallon, J.). According to MMA, "Morris Bart alleges facts at most indicative of negligence."[44]

---

[41] R. Doc. No. 13.
[42] R. Doc. No. 17, at 22 (citing R. Doc. No. 1, ¶ 56).
[43] R. Doc. No. 16-1, at 24.
[44] *Id.*

Morris Bart responds that it has sufficiently alleged actual malice by stating in its complaint that "[MMA's] interference is being done with actual malice, because MMA is aware that Louisiana law prohibits attorneys from contacting represented parties."[45] Morris Bart also alleged that the interference was done "in [an] attempt to improperly influence MMA's former clients not to deal with Morris Bart, because MMA has a financial interest in these clients retaining other law firms who may agree to (or at least not object to) MMA collecting some portion of a fee from these clients' recoveries."[46]

In support of its argument, Morris Bart cites *Boudreaux v. OS Rest. Servs., L.L.C.*, No. 14-1169, 2015 WL 349558 (E.D. La. Jan. 23, 2015) (Africk, J.). In that case, this Court denied a motion to dismiss a tortious interference with business relations claim, finding "plaintiff's allegations that [defendants] knew the noncompetition agreement was invalid, and that their efforts were damaging plaintiff's livelihood, [were] sufficient to state a plausible claim that defendants' motivations were malicious, rather than legitimate." *Id.* at *5. In *Boudreaux*, this Court distinguished between evidentiary arguments irrelevant for purposes of deciding a Rule 12(b)(6) motion and arguments regarding the statement of a plausible claim: "[w]hatever difficulty [plaintiff] may have in ultimately proving this claim, now is not the appropriate time to dispose of it." *Id.* (quoting *Marshall Invs. Corp. v. R.P.*

---

[45] R. Doc. No. 17, at 21 (citing R. Doc. No. 1, ¶ 62).
[46] R. Doc. No. 1, ¶ 63.

*Carbone Co.*, No. 05-6486, 2006 WL 2644959, at *5 (E.D. La. Sept. 13, 2006) (Vance, J.) (internal quotations omitted)).

In *Boudreaux*, this Court found a plausible claim for tortious interference with business relations where the defendants "knew the noncompetition agreement [plaintiff signed] was invalid, and that their efforts were damaging plaintiff's livelihood." 2015 WL 349558, at *5. That allegation is meaningfully different from Morris Bart's allegation of actual malice based on MMA's awareness that Louisiana law prohibits attorneys from contacting represented parties. And Morris Bart's allegation regarding MMA's "financial interest in [] clients retaining other law firms" besides Morris Bart[47] actually suggests MMA's conduct was "driven by the profit motive, not by bad feelings." *Id.* (citing *JCD Mktg.*, 812 So.2d at 841).

Having concluded that Morris Bart has not sufficiently pleaded two elements of the tort, the Court need not address the remaining two elements. Accordingly, the Court finds that Morris Bart has failed to state a claim for intentional interference with business relations.

**b.  Request for Declaratory Relief**

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . , any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The statute's requirement of a 'case of actual controversy' refers to an Article III case or controversy." *Frye v.*

---

[47] R. Doc. No. 1, ¶ 63.

*Anadarko Petroleum Corp.*, 953 F.3d 285, 294 (5th Cir. 2019) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007)).

"When considering a declaratory judgment action, a district court must engage in a three-step inquiry." *Id.* (quoting *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). "The Court must ask (1) whether an actual controversy exists between the parties in the case; (2) whether it has authority to grant declaratory relief; and (3) whether to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Id.* (quoting *Orix Credit All.*, 212 F.3d at 895) (internal quotations omitted).

*i.      Justiciability*

Pursuant to the first prong of this test, Morris Bart bears the burden of pleading facts demonstrating the existence of a justiciable controversy as to its claims for declaratory relief. *See Frye*, 953 F.3d at 294 (citing *Orix Credit All.*, 212 F.3d at 897). To demonstrate Article III standing, a plaintiff seeking relief in federal court must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Importantly, "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021). (quoting *Casillas v. Madison Avenue Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019)

(Barrett, J.)). "Although '[d]eclaratory judgments cannot be used to seek an advisory opinion advising what the law would be on a hypothetical set of facts . . . , declaratory judgment plaintiffs need not actually expose themselves to liability before bringing suit." *Frye*, 953 F.3d at 294 (quoting *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009)).

According to MMA, Morris Bart lacks standing to seek declarations that MMA's Attorney Employment Contracts are absolutely null and that MMA is not entitled to attorneys' fees pursuant to the Attorney Employment Contracts based on violations of Louisiana's rules of professional conduct.[48] Specifically, MMA contends that "[t]here is no case or controversy between Morris Bart and MMA. Any case or controversy is between MMA and MMA's former clients[.]"[49]

Morris Bart first responds that it "has standing to bring a suit questioning the validity of these contracts because Louisiana law empowers 'any person' to invoke the absolute nullity of a contract."[50] Pursuant to Louisiana law, "[a] contract is absolutely null when it violates a rule of public order, as when the object is illicit or immoral. A contract that is absolutely null may not be confirmed. Absolute nullity may be invoked by any person or may be declared by the court on its own initiative." La. Civ. Code. Ann. art. 2030. A non-party to a contract governed by Louisiana law that is "absolutely null" has standing to challenge that agreement. *See Gaspard v. Offshore Crane & Equip.*, No. 94-261, 1998 WL 388597, at *4–5 (E.D. La. July 8, 1998)

---

[48] R. Doc. No. 16-1, at 13.
[49] *Id.*
[50] R. Doc. No. 17, at 6 (citing La. Civ. Code. Ann. art. 2030).

(Berrigan, J.) (finding that, pursuant to Louisiana law, "an unrelated third party" had standing to invoke the invalidity of an absolutely null contract, but would not have had standing to invoke the invalidity of a relatively null contract).

Morris Bart's response is incorrect. Crucially, "standing in federal court is determined entirely by Article III and depends in no degree on whether standing exists under state law." *Int'l Primate Prot. League v. Admins. of the Tulane Educ. Fund*, 895 F.2d 1056, 1061 (5th Cir. 1990) (citing *Phillips Petroleum v. Shotts*, 472 U.S. 797, 804 (1985)), *rev'd on other grounds*, 500 U.S. 72 (1991).

Despite its concession "that it lacks standing to assert an independent claim for the unauthorized practice of law against MMA," Morris Bart also argues that it nonetheless has "standing to assert a declaratory judgment action seeking a declaration that the contracts confected with Morris Bart-MMA Clients are absolute nullities based on MMA's unauthorized practice of law."[51] MMA cites no authority for this proposition and the caselaw does not support it. As the U.S. Court of Appeals for the Fifth Circuit has explained, "[w]hen the other claims have been dismissed, it is also appropriate to dismiss any declaratory-judgment request." *Stallings v. CitiMortgage, Inc.*, 611 F. App'x 215, 217–18 (5th Cir. 2015). Additionally, "[s]ince it is the underlying cause of action of the [declaratory judgment] defendant against [the declaratory judgment plaintiff] that is actually litigated in [a] declaratory judgment action, a party bringing a declaratory judgment action must have been a proper party had the [declaratory judgment defendant] brought suit on the underlying cause of

---

[51] R. Doc. No. 17, at 21 n.23.

action." *Collin County v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 170 (5th Cir. 1990). There is no indication that Morris Bart would be a "proper party" in any lawsuit potentially brought by MMA.

This is dispositive. Morris Bart asks the Court to decide that MMA's conduct with respect to Apex, Velawcity, Morris Bart, and other unnamed law firms with whom it allegedly shares fees violated Louisiana's professional responsibility rules and/or constitutes the unauthorized practice of law. But, as discussed, Morris Bart cannot state a claim as to either of those two predicates and it does not adequately demonstrate its potential exposure to liability through any lawsuit MMA might file. Accordingly, it lacks standing to bring a declaratory judgment action on this basis. *See Frye*, 953 F.3d at 294 (explaining that, in a declaratory judgment case, the question is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment").

Despite this clear lack of standing, Morris Bart argues that this case raises an actual controversy because "MMA continues to claim, or threaten to claim, attorneys' fees under [] absolutely null contracts[.]"[52] Morris Bart states that "MMA has moved to intervene to claim a fee interest in at least three suits pending in the Western District of Louisiana in which Morris Bart has substituted as counsel for a Morris Bart-MMA Client."[53] Morris Bart argues "[t]hese actions directly impact Morris Bart

---

[52] R. Doc. No. 17, at 10.
[53] *Id.* at 9–10 (citing R. Doc. Nos. 17-6, 17-7, and 17-8).

and its ability to effectively represent its Morris Bart-MMA clients."[54] But these actions, and other cases where courts have issued orders requiring insurance companies to re-issue settlement checks listing MMA as a co-payee[55] illustrate that any such fact-specific disputes are far more appropriately redressed by the courts hearing these specific cases.

Morris Bart also states that it has an interest in obtaining the requested declaratory judgments "because any fee to which MMA might theoretically be entitled [] would be taken from a single contingency fee paid by the client, and then allocated between Morris Bart and MMA."[56] As MMA points out,[57] this actually belies Morris Bart's argument that its declaratory judgment claims involve an actual controversy. Morris Bart has not identified any cases where MMA has demanded or threatened to demand any share of a contingency fee earned by Morris Bart through work it performed after Morris Bart enrolled. Instead, Morris Bart appears to suggest that,

---

[54] *Id.*

[55] For instance, this Court recently granted certain plaintiffs' motions asking that the Court instruct the defendant insurance company to re-issue its settlement check without listing MMA as a co-payee. *See* E.D. La. Case No. 22-5567, R. Doc. No. 26; E.D. La. Case No. 22-5554, R. Doc. No. 22. Another section of this Court granted a similar motion, specifying that MMA "shall not be entitled to any portion of the settlement proceeds in the instant case" and should be "excluded as a payee on any such settlement proceeds." E.D. La. Case. No. 22-5427, R. Doc. No. 16 (Morgan, J.); *see also* E.D. La. Case No. 22-5469, R. Doc. No. 32 (North, J.) (ordering that settlement proceeds in case not include MMA as payee). The U.S. District Court for the Western District of Louisiana recently affirmed that "neither Zach Moseley nor McClenny, Moseley & Associates PLLC is entitled to any withholding of attorney fees from the settlement check owed to [plaintiff] from his Hurricane Laura suit[.]" W.D. La. Case No. 23-62, R. Doc. No. 49.

[56] R. Doc. No. 17, at 7.

[57] R. Doc. No. 22, at 5–10.

if the Court declares all the relevant MMA contracts absolutely null, Morris Bart would be entitled to *any* contingency fees, including attorneys' fees purportedly earned by MMA before Morris Bart took over representation. As MMA puts it, "Morris Bart seeks to step into MMA's (allegedly unethical) shoes and succeed to contingency fees earned solely by MMA in at least 40 matters*, which were settled by MMA*, before Morris Bart was retained[.]"[58] But Morris Bart does not explain why it would be legally entitled to fees for work it did not perform or why those fees should not be returned to the client.

Because Morris Bart has not alleged that MMA is imminently trying to seek attorneys' fees to which Morris Bart is legally entitled, it has not adequately alleged this type of controversy. Indeed, "[t]he purpose of the Declaratory Judgment Act is to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued." *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989). Here, MMA is not threatening Morris Bart with liability. Rather, Morris Bart is asking this Court to adjudicate fact-intensive questions involving *over 1,200 attorney-client agreements* and to determine whether MMA is entitled to any fees in each of those cases. Morris Bart's lawsuit is better characterized as an effort to hold MMA "accountable for [its] legal infractions." *TransUnion LLC*, 141 S. Ct. at 2205 (quotation omitted). Although the Court expresses deep concern about the extent of MMA's misconduct and the numerous

---

[58] *Id.* at 2 (emphasis in original).

difficulties it has caused, that is simply not a basis for Article III standing in this lawsuit. *Id.*

### ii.     *Diversity Jurisdiction and Discretion*

Because the Court finds that there is no justiciable controversy as to Morris Bart's claims for declaratory relief, it need not reach *Frye*'s second or third prongs.

## IV.     CONCLUSION

For the reasons stated herein,

**IT IS ORDERED** that the motion is **GRANTED**. Morris Bart's claims for unauthorized practice of law and intentional interference with business relations are **DISMISSED WITH PREJUDICE**. Morris Bart's requests for declaratory relief are **DISMISSED WITHOUT PREJUDICE** for lack of Article III standing.

New Orleans, Louisiana, October 16, 2023.

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**